INDEPENDENT INSURANCE AGENTS OF AMERICA, INC. and Independent Insurance Agents of Virginia, Petitioners,

v.

BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Respondent.

Virginia National Bankshares, Inc., Intervenor.

No. 80–1611.

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1981.

Decided April 29, 1981.

Thomas E. Wilson, Washington, D. C. (Wilkinson, Cragun & Barker, Washington, D. C., on brief) for petitioners.

Carl V. Howard, Board of Governors of the Federal Reserve System, Washington, D. C. (Alice Daniel, Asst. Atty. Gen., U. S. Dept. of Justice, Neal L. Petersen, Gen. Counsel, J. Virgil Mattingly, Jr., Asst. Gen. Counsel, Washington, D. C., on brief) for respondent.

Paul S. Ryerson, Washington, D. C., for intervenor.

Before HAYNSWORTH, Chief Judge, HALL, Circuit Judge, and MICHAEL *, District Judge.

PER CURIAM:

The Independent Insurance Agents of America (IIAA) and the Independent Insurance Agents of Virginia petition for review of a Federal Reserve Board order approving the application of Virginia National Bankshares, Inc. (VNB) for permission to engage in the sale of credit-related property and casualty insurance through one of its subsidiaries.

The Bank Holding Act, 12 U.S.C. §§ 1841–1850, generally prohibits a bank holding company from engaging in non-banking activities. The principal exception to the general rule is that bank holding companies may acquire "shares of any company the activities of which the Board after due notice and an opportunity for hearing has determined (by order or regulation) to be so closely related to banking or managing or controlling banks as to be a proper incident thereto." 12 U.S.C. § 1843(c)(8).

The Board has determined by regulation that the sale of credit-related property and casualty insurance is an activity "closely related to banking." 12 C.F.R. § 225.4(a). That determination is not here challenged. To approve a particular application by a bank holding company to engage in this activity, the Board must also find that the performance of this activity by this particular applicant "can reasonably be expected to produce benefits to the public . . . that outweigh possible adverse effects." 12 U.S.C. § 1843(c)(8). Under this standard, the Board approved VNB's application. 66 Federal Reserve Bulletin 668 (July 24, 1980).

■ The IIAA claims that the Board erred in finding that the approval of VNB's application can reasonably be expected to produce net public benefits. The evaluation of benefits and adverse effects is committed to the Board's expertise, and the Board's judgment will be enforced if supported by substantial evidence. 12 U.S.C. § 1848. We are satisfied that substantial evidence supports the Board's approval of VNB's application.

■ The IIAA also claims that it was entitled to a formal hearing to air its opposition to VNB's application. A hearing is required only when there are material facts in dispute. *E. g., Connecticut Bankers Association v. Board of Governors of the Federal Reserve System*, 627 F.2d 245, 251 (D.C. Cir.1980). The IIAA claims that a hearing was required in this case to explore whether several commitments that VNB made were credible and whether the Board was capable of enforcing compliance with those assurances. We disagree. Whether the Board is

* Honorable James H. Michael, Jr., United States District Judge for the Western District of Virginia, sitting by designation.

willing to depend on VNB's good faith and its own enforcement capabilities is a matter for Board resolution and is not a material fact in dispute.

We deny the petition for review and affirm the Board's order.