664 F.2d 177
 INDEPENDENT INSURANCE AGENTS OF AMERICA, INC., and
Independent Insurance Agents of Missouri, Petitioners,
v.
BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Respondent,
and
Mercantile Bancorporation, Inc., and MBI Insurance Agency,
Inc., Intervenor-Respondents.
 No. 80-1879.
 United States Court of Appeals,
Eighth Circuit.
 Nov. 16, 1981.
 ORDER DENYING PETITION FOR REHEARING EN BANC
 
 1
 The petition for rehearing en banc in the above entitled case is denied by six of the judges voting in favor of the denial. Two of the judges vote in favor of the rehearing en banc.
 
 
 2
 LAY, Chief Judge, would grant the petition for rehearing en banc.
 
 
 3
 I respectfully dissent from the denial of rehearing en banc. 658 F.2d 571 (8th Cir.). I do so because of the objectionable impact the panel's decision will necessarily have on the Board of Governors of the Federal Reserve System's future administration of the Bank Holding Company Act of 1956 (BHCA).
 
 
 4
 First, and foremost, the panel's decision is in apparent conflict with the current law regarding the Board's authority respecting evidentiary hearings in applications under section 4(c)(8) of the BHCA. 12 U.S.C. § 1843(c)(8). This circuit, as well as two other circuits, have confirmed the Board's authority to decline requests for evidentiary hearings unless a petitioner shows disputed issues of material facts. See American Bancorporation, Inc. v. Board of Governors, 509 F.2d 29 (8th Cir. 1974); Independent Insurance Agents v. Board of Governors, 646 F.2d 868 (4th Cir. 1981); Connecticut Bankers Assoc. v. Board of Governors, 627 F.2d 245 (D.C.Cir.1980). Notwithstanding the Board's finding that there are no real disputed facts, the panel found "legitimate contentions which place material facts in dispute," thus substituting the court's supervision for the expertise and informed discretion of the Board.
 
 
 5
 The practical effect of applying such rigidity to contested hearings is not only inhibition of the administrative process, but also an increase of the court's workload in an area in which it has no expertise. In addition to usurping the Board's authority, and unduly encumbering the administrative process, the panel's opinion requiring an evidentiary hearing gives protestors a new method of delay and harassment and greatly increases the expense and burden of procompetitive growth in bank-related fields.
 
 
 6
 Finally, the panel's opinion poses a serious challenge to the Board's expedited approval procedure for de novo applications under section 4(c)(8) of the BHCA. 12 U.S.C. § 1843(c)(8). The Board, not the court, is in the best position to evaluate the merit of claims and to assess the likelihood of public benefit. In light of this fact and the statutory and legislative directives that de novo entry into a related business is presumptively procompetitive and a public benefit, I must disagree with the panel's decision to require an evidentiary hearing to solicit evidence on the method of effecting de novo entry and its competitive impact on independent insurance agents. See 12 U.S.C. § 1843(c)(8); Conf.Rep.No.91-1747, 91st Cong., 2d Sess., 17-18, reprinted in (1970) U.S.Code Cong. & Ad.News 5561, 5568; S.Rep.No.91-1084, 91st Cong., 2d Sess. 15-16, reprinted in (1970) U.S.Code Cong. & Ad.News 5519, 5534. No evidence of adverse effect was offered, nor was any found by the Board. The panel attributes such a finding to the IIAA's inability to substantiate its claims at a full and formal evidentiary hearing. However, several written presentations were made by the IIAA to the Board, and the IIAA failed to request a formal hearing until a month after the deadline. The IIAA appears to have had ample opportunity to both present the disputed facts and substantiate its claim of adverse effect on the public. I cannot, in light of this, condone the panel's requirement of a hearing on remand. At the most, the panel should have remanded the record to the Board to more fully set forth its basis for its conclusions in response to the court's questions. See Connecticut Bankers Assoc. v. Board of Governors, supra, 627 F.2d at 257.
 
 
 7
 Therefore, for the reasons discussed herein, I find that a rehearing en banc is warranted in the instant case.